United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40719
_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

DONALD TARNAWA,

Defendant-Appellant.

--------------------
Appeal From the United States District Court
for the Eastern District of Texas
--------------------

Before JOLLY, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Donald Tarnawa has challenged his convictions in connection with an alleged scheme to defraud potential investors in a software technology he claimed to have invented. Tarnawa argues in his initial brief that the evidence was insufficient to support these convictions, that the Government improperly constructively amended the indictment, that the district court erred in preventing Tarnawa from questioning an investigator about his research into the viability of the software, that the district court improperly allowed the Government to introduce evidence of Tarnawa's use of assumed names, and that the district court erred by imposing an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable sentence. The panel approved a request by the defendant to file an additional, pro se supplemental brief. In this brief, the defendant additionally argues that he was not afforded adequate time to file his supplemental brief, that the trial was improperly bifurcated, that his criminal history was mischaracterized by the trial court, that his sentence violates double jeopardy, and that the district court lacked jurisdiction to determine his restitution payments. After reviewing all the evidence and the record, we conclude that each of these arguments is without merit. Tarnawa concedes that his objections that his sentencing enhancements violate the ex post facto clause and that prior criminal convictions must be proven by a reasonable doubt are foreclosed by United States v. Scroggins, 411 F.3d 572 (5th Cir. 2005), and Almendarez-Torres v. United States, 523 U.S. 224 (1998), respectively. The short time frame allotted to Tarnawa to file the supplemental brief is of his own making, as he filed a last-minute request to represent himself pro se immediately prior to a long-scheduled oral argument date. Accordingly, the defendant's conviction and sentence are AFFIRMED.